UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ERV JACOBS, <br><br> Plaintiff <br><br> v. <br><br> RENO POLICE DEPARTMENT, et al., <br><br> Defendants | Case No.: 3:22-cv-00351-ART-CSD <br><br> **Order** <br><br> Re: ECF No. 1 |

Plaintiff is an inmate within the Washoe County Detention Facility (WCDF), and filed his civil rights complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1-1.)[1]

The Local Rules of Practice for the District of Nevada provide: "Any person who is unable to prepay the fees in a civil case may apply to the court for authority to proceed *in forma pauperis* (IFP). The application must be made on the form provided by the court and must include a financial affidavit disclosing the applicant's income, assets, and liabilities." LSR 1-1. When a prisoner seeks to proceed without prepaying the filing fee, in addition to filing the affidavit, the prisoner is required to submit a certified copy of the trust fund account statement (or institutional equivalent) for the six-month period immediately preceding the filing of the complaint. The statement must be obtained from the appropriate official at the prison or detention facility where the prisoner is or was confined. 28 U.S.C. § 1915(a)(2).

---

[1] Plaintiff lists the WCDF as well as an address on Record Street in Reno; however, the documents were mailed from the WCDF and Plaintiff did not file a change of address to indicate he was no longer in custody at the WCDF. If Plaintiff is no longer in custody, he must immediately file a notice of change of address with the court indicating his current address.

When a prisoner brings a civil action IFP, the prisoner is still required to pay the full amount of the filing fee. The court is required to assess, and when funds exist, collect an initial partial payment of 20 percent of the greater of: (A) the average monthly deposits in the prisoner's account or (B) the average monthly balance in the prisoner's account for the six-month period immediately preceding the filing of the complaint. Thereafter, whenever the prisoner's account exceeds $10, the prisoner must make monthly payments of 20 percent of the preceding month's income credited to the prisoners account until the filing fees are paid. The funds are to be forwarded by the agency having custody of the prisoner. 28 U.S.C. § 1915(b)(1), (2).

The regular filing fee is $402, consisting of the $350 filing fee and a $52 administrative fee. If an inmate does not qualify for IFP status, he must pay the full $402 filing fee. If the inmate qualifies for IFP status, the $52 administrative fee is waived, and the inmate will only pay the $350 filing fee over time.

Plaintiff has filed an IFP application, but it is not complete as it does not contain the required inmate account statement.

The Clerk shall **SEND** Plaintiff a copy of the instructions and application to proceed IFP for an inmate to both the WCDF and the address at Record Street in Reno. Plaintiff has a one-time extension to file a fully complete application to proceed IFP containing all of the required documents.

Plaintiff's submission must contain:

(1) a completed **Application to Proceed IFP for an Inmate** on the court's approved form (i.e., pages 1 through 3 with the inmate's two signatures on page 3);

(2) a **Financial Certificate** properly signed by both the inmate and a prison or jail official (i.e., page 4 of the court's approved form), and

(3) a copy of the **inmate's jail account statement for the previous six-month period**.

Accordingly, the court **DENIES** Plaintiff's current application to proceed IFP (ECF No. 1) **WITHOUT PREJUDICE** because it is not complete. Plaintiff has **30 days** from the date of this Order to either file his completed IFP application or pay the full $402 filing fee. If Plaintiff fails to do so, this case will be subject to dismissal without prejudice for Plaintiff to file a new case with the court when Plaintiff is able to submit a fully complete application to proceed IFP or pay the full $402 filing fee.

Once Plaintiff has filed his completed IFP application and financial certificate or paid the filing fee, the court will screen the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) or 28 U.S.C. § 1915A, or both. Both require dismissal of a complaint, or any portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. If the complaint is dismissed on screening, there will be no refund of the filing fee, and an inmate proceeding IFP is still required to pay the $350 filing fee over time.

**IT IS SO ORDERED**.

Dated: September 15, 2022

_____
Craig S. Denney
United States Magistrate Judge